United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 00-10784

THOMAS JOE MILLER-EL,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:

The Supreme Court has reversed the decision of this Court entered on August 7, 2001, and published at 261 F.3d 445, and has remanded this case to our Court "for further proceedings consistent with the Supreme Court's opinion" decided February 25, 2003 in No. 01-7662.

For the reasons stated by the Supreme Court in its opinion, we now issue a Certificate of Appealability (COA) on Petitioner's jury

selection claim premised on <u>Batson</u>[1]. Accordingly, as suggested by the Supreme Court, the issue now before our Court is whether "Petitioner [has] demonstrate[d] that the state trial court's findings of the absence of purposeful discrimination was incorrect by clear and convincing evidence, 28 U.S.C. §2254 (e)(1) and that the corresponding factual determination was "'objectively unreasonable' in light of the record before the court," when viewed in the light of (1) 'Petitioner's historical evidence of racial discrimination by the district attorney's office', (2) the 'substantial evidence Petitioner put forth in support of his *prima facia* case', (3) the decisions of both the prosecution and the defense to call for a jury shuffle and (4) the evidence proffered by the defense as to disparate questioning of prospective jurors by the prosecution." We direct the parties to submit supplemental briefs focusing specifically on these issues with full and complete record citations as to relevant evidence and testimony. We instruct the clerk of this court to set a briefing schedule so that briefing will be complete within 45 days.

---

[1] <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986)